Dr. H. C. ALLISON, Appellant,

v.

Walker F. MEANS, Appellee.

No. 16263.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 8, 1961.

Rehearing Denied Jan. 12, 1962.

Anderson & Anderson, Cleburne, Thompson, Walker, Smith & Shannon, and Wyndall R. Johnson, Fort Worth, for appellant.

W. F. Leigh, Pecos, for appellee.

BOYD, Justice.

Walker F. Means sued Dr. H. C. Allison for $16,000.00, alleged to be owing as a real estate sales commission, for $16,000.00 exemplary damages, and for $5,000.00 attorney's fees. There was a jury verdict for $16,000.00 commission, $6,071.00 exemplary damages, and $3,700.00 attorney's fees. Judgment was rendered accordingly and Dr. Allison appeals.

Appellant alleged that the listing agreement made between the parties did not describe the property for which appellee alleged he procured a purchaser, and that therefore the listing agreement could not be the basis for recovery of a commission since it did not meet the requirements of Articles 3995 and 6573a, Vernon's Ann.Tex.St.; and that any listing which was made was canceled before the land was sold by appellant to a prospect allegedly procured by appellee, and which sale is part of the basis of appellee's claim.

Appellant complains, among other things, of the action of the court in permitting appellee's request for admissions to be read to the jury as judicial admissions of appellant; in refusing to grant appellant an extension of time in which to answer the request; in refusing to permit appellant to testify as to the facts with reference to any matters set forth in the request; and in refusing to permit cross examination of appellee in reference thereto.

Appellee attempted to deliver the request for admissions to appellant by registered letter. Appellant refused to accept the letter, and it was returned unopened to appellee's counsel. The request attempted to inform appellant that "Each relevant matter of fact, of which an admission as to the truth thereof is hereby requested, shall be deemed admitted in accordance with the provisions of said Rule 169 unless within a period of not more than ten (10) days after the delivery of this instrument containing said request to the said Defendant * * * said Defendant * * * delivers or causes to be delivered to (appellee's counsel) a sworn statement either denying specifically the truth of each of the respective relevant matters of fact of which an admission is hereby requested" or giving the reasons why the matters of fact could not be admitted or denied.

Among other contentions, appellant says that the request for admissions failed in several particulars to meet the requirements of Rule 169, Texas Rules of Civil Procedure, and therefore could not be the basis for holding that the admissions requested were judicially made. In our view of the case we think it necessary to notice only one of such particulars, and that is the contention that the rule was not complied with because the request was not delivered to appellant's attorney of record.

Rule 169 provides that "Whenever a party is represented by an attorney of record, delivery of a request for admissions shall be made to his attorney unless delivery to the party himself is ordered by the court."

Rule 10 is as follows: "An attorney of record is one who has appeared in the case, as evidenced by his name subscribed to the pleadings or to some agreement of the parties filed in the case; and he shall be considered to have continued as such attorney to the end of the suit in the trial court, unless there is something appearing to the contrary in the record."

This suit was originally filed in the District Court of Reeves County. A plea of privilege was filed by appellant seeking to have the cause removed to Tarrant County, the county of his residence. An answer was filed, subject to the plea of privilege. The plea of privilege was sworn to by John F. Tomlin, the affidavit stating that " * * he is attorney of record for the defendant in the above styled and numbered cause

\* \* \*"; and the pleading was signed: "John F. Tomlin ATTORNEY FOR DEFENDANT." The answer was signed: "Preston & Tomlin, P. O. Box 1028 Pecos, Texas by John F. Tomlin ATTORNEYS FOR DEFENDANT." The plea of privilege was sustained on February 23, 1959.

On March 19, 1960, appellee's attorney wrote John F. Tomlin, asking whether he would represent appellant in pre-trial matters, such as taking depositions. He wrote with particular reference to the taking of the deposition of Margarito Singh. Appellee's attorney testified that two days later he met Tomlin on the street and that Tomlin "told me that, if I recall correctly, that he did not represent Dr. Allison and that he had no further connection with the case. That is the sum and substance of it." Appellee's attorney further testified that there was no local counsel for appellant in Fort Worth at that time, "as I understand it." Tomlin did not participate in the taking of Singh's deposition. On May 20, 1960, however, Tomlin did represent appellant in the taking of the deposition of appellee's wife, as a witness in this case.

Since Tomlin had filed the plea of privilege and the answer for appellant, he was an attorney of record; and it was not shown that anything to the contrary appeared in the record. Appellant offered to testify that Tomlin was still representing him through March and April of 1960, and had never been dismissed from the case. On April 7, 1960, the law firm of Christopher & Bailey, by T. S. Christopher, filed an answer for appellant in the District Court of Tarrant County. This was the day on which the postmaster tried to deliver to appellant the registered letter containing the request for admissions. There being nothing appearing of record that Tomlin was no longer an attorney for appellant, and Christopher having filed a pleading for appellant on the day the request for admissions was attempted to be delivered to appellant, it would seem that appellant had two attorneys of record at that time. It is

our opinion that appellee did not comply with the provisions of Rule 169, and that therefore appellant cannot be held to have judicially admitted the facts inquired about in the requests.

The facts which were deemed admitted were damaging to appellant's case. He had denied that the listing card signed by him contained any description of the property, and contended that the paper now attached to the card, containing a detailed description, was not attached when he signed the card, that it had not been filled out by him or signed by him, and that he had never seen it until after the suit was filed. No witness testified that the paper containing a description of the land was filled out or signed by appellant. To be enforcible, a listing contract must be in writing and must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land may be identified with reasonable certainty. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568; Wiseman v. Zorn, Tex.Civ.App., 309 S.W.2d 253.

Appellant also alleged and offered to prove that he had canceled, both orally and by letter, whatever listing had been made, and offered a letter from himself to appellee, dated October 16, 1957, reading in part as follows: "Therefore, this is to advise you that I will not look to you to continue to try to sell my farm," which letter was excluded. The facts which were deemed admitted stated that the listing was complete with the description of the land when it was executed by appellant, and that the listing had not been revoked but was in full force and effect when appellant sold the land on January 10, 1958. The jurors were told that such facts were admitted.

We are of the opinion that before admissions requested may be held to have been judicially admitted the provisions of Rule 169 must be complied with. It follows that we think it was error to inform the jury

that such facts were admitted, and to exclude appellant's refutation of such facts, thus denying him the opportunity to present his claimed defense.

The judgment is reversed and the cause remanded.