**JOHNSON ENGINEERS, INC.,**
Appellant,

v.

**TRI–WATER SUPPLY CORPORATION,**
Appellee.

No. 8678.

Court of Civil Appeals of Texas, Texarkana.

May 15, 1979.

Terry M. Thorn, Paxton, Whitaker & Parsons, Palestine, for appellant.

Bascom Perkins, Perkins & Perkins, Mt. Pleasant, for appellee.

HUTCHINSON, Justice.

This is a suit for payment under a construction contract. Appellant, Johnson Engineers, Inc., contracted to construct a water distribution system for appellee, Tri-Water Supply Corporation, in Titus and Franklin Counties. Upon the completion of the contract, appellant demanded the final payment and upon appellee's refusal instituted this suit. As an offset, appellee plead the provisions of the contract that provided for liquidated damages in the sum of $100.00 per day for each day of delay by appellant after the allotted completion time. Trial was before the court and judgment entered for appellant for the amount due under the contract less $100.00 per day for 138 days as liquidated damages for delay of completion.

After the conclusion of the evidence and the dismissal of the witnesses and during argument of counsel, it was for the first time brought to the attention of the trial court that appellant was contending that the liquidated damage provision was in fact a penalty and therefore unenforceable and uncollectible. Appellant had not so plead and requested leave to file a trial amendment to allege penalty as an affirmative defense to the claimed offset. The filing of the proffered trial amendment was refused. Prior to the formal entry of judgment appellant filed a motion to re-open the case for the submission of additional evidence, if necessary, for the consideration of penalty as an affirmative defense. This motion was denied. Appellant does not here complain of this ruling.

Appellant here contends that the trial court abused its discretion in refusing to permit the filing of its proffered trial amendment under Rule 66 of the Texas Rules of Civil Procedure which states in part:

". . . if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits . . . ."

Appellant readily admits that under Rule 94 of the Texas Rules of Civil Procedure it should have affirmatively plead that the liquidated damage provision of the contract was in fact a "penalty" and therefore unenforceable but contends that since its offered evidence had been received, without objection on the part of appellee, to the effect that the liquidated damages specified in the contract were not a reasonable forecast of actual damages but were arbitrary figures constituting a penalty, the trial court erred in refusing the trial amendment. *State v. Beever Farms, Inc.*, 549 S.W.2d 223 (Tex. Civ.App. San Antonio 1977, writ ref'd n. r. e.); *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605 (1948). In *Vermillion*, as here, the proffered amendment sought only to assert a defense in law based upon facts already received in evidence. Appellant in its brief before this Court states that the sole purpose of the proposed trial amendment was to bring before the court a law question based upon an issue tried by consent. We will therefore consider the matter here as though the trial court had permitted the filing of the amendment and considered its contents in its pronouncement and entry of judgment.

The only evidence in the record relied upon by appellant on this issue is the testimony of the chief engineer for the project called as a witness by the appellee. Appellant on cross-examination of this witness produced testimony to the effect that the liquidated damage provision was placed in the contract by him without discussing it with either the appellant or appellee. He placed this provision in the contract because it was the one suggested by the Farmers Home Administration. This testimony was received without objection.

Appellant now contends that the testimony of the chief engineer constituted a factual defense to the claim for liquidated damages and that the refusal to permit a pleading amendment to bring before the court a law question based thereon was a clear abuse of the court's discretion that requires a reversal and another trial.

▇▇▇ Appellant, in addition to its burden of pleading its asserted defense, also had the burden of proving that the contract provision providing for liquidated damages was in fact a *penalty* provision. In order to meet this burden, appellant was obliged to prove the amount of appellee's actual damages, if any, for the purpose of showing an absence of an approximation between the actual loss and the stipulated sum. *Robinson v. Granite Equipment Leasing Corp.*, 553 S.W.2d 633 (Tex.Civ.App. Houston—1st Dist. 1977, writ ref'd n. r. e.); *Oetting v. Flake Uniform & Linen Service, Inc.*, 553 S.W.2d 793 (Tex.Civ.App. Fort Worth 1977, no writ); *Smith v. Lane*, 236 S.W.2d 214 (Tex.Civ.App. San Antonio 1950, no writ); *Southern Plow Co. v. Dunlap Hardware Co.*, 236 S.W. 765 (Tex.Civ.App. Dallas 1922, no writ); *Walsh v. Methodist Episcopal Church*, 212 S.W. 950 (Tex.Com.App.1919, jdgmt. adopted). If the stipulated sum is shown to be disproportionate to actual damages, the stipulation must be declared to be a penalty and recovery limited to actual damages. Important factors to be considered in making this determination are the certainty or uncertainty of the actual damages occasioned by the delay and the ease or difficulty of the ascertainment or proof of such damages. Appellant offered no evidence whatsoever upon the extent, if any, of appellee's actual damage and there is no evidence in the record upon which the court could determine with any degree of certainty the actual damages caused by the delay. Nor did the appellant attempt to show that appellee could have by competent evidence proved within a permissible range its actual damages.

Too, the trial court from the type and extent of the contract and the nature of appellee's legal entity, all of which was in evidence, could have found that any attempt to establish the actual damages would be met with such uncertainties and difficulties as to require a court to sustain the contract provisions for liquidated damages. *Oetting v. Flake Uniform & Linen Service, Inc., supra.*

In view of the tendered evidence on this issue, we are of the opinion that the failure of the trial court to permit the filing of the trial amendment after the completion of the receipt of evidence, if error, was harmless. Tex.R.Civ.P. 434.

The judgment of the trial court is affirmed.