Henry R. WHITE, d/b/a H. Ron White and Associates, Henry R. White, Individually, and Rita C. White, Appellants,

v.

TRICONTINENTAL LEASING CORPORATION, Appellee.

No. 05–87–01175–CV.

Court of Appeals of Texas, Dallas.

Sept. 23, 1988.

Rehearing Denied Nov. 16, 1988.

be published. Tex.R.App. 90.

Jay S. Fichtner, Carol A. Wilson, Rae Ann Fichtner, Dallas, for appellants.

Brenda Garrett Kyle, Dallas, for appellee.

Before HOWELL, ROWE and THOMAS, JJ.

HOWELL, Justice.

This is a summary judgment case. Appellee Tricontinental Leasing Corp. (Lessor) sued appellants Henry R. White and Rita C. White (collectively Lessees or the Whites) for the accelerated balance due under an equipment rental agreement. Lessor requested the trial court to deem admitted requests for admission that it had directed to Lessees. Based in part on the deemed admissions, Lessor obtained a summary judgment in its favor. Lessees assert that the trial court erred in refusing to strike the deemed admissions and in granting Lessor's motion for summary judgment. We agree. For the reasons explained below, we reverse the judgment of the trial court and remand this case for further proceedings.

On November 30, 1981, Henry R. White, doing business as H. Ron White and Associates, executed an agreement under which he leased computer equipment from Lessor. The agreement obligated White to make monthly rental payments of $584.57 for sixty-three months. White, individually, and his wife Rita White guaranteed performance of the obligations under the lease. Contending that, as of January 1, 1986, Lessees were in default, Lessor accelerated the remaining payments and sued Lessees for the accelerated balance.

## THE REQUESTS FOR ADMISSIONS

In their first point of error, Lessees contend that the trial court erred in denying their motion to strike deemed answers admitting Lessor's requests for admission. Lessees argue that the requests for admission were not properly served under Texas Rule of Civil Procedure 169. A review of the proceedings is necessary.

Lessor filed its original petition against Henry and Rita White on June 25, 1986. On August 8, 1986, Kevin S. Wiley submitted a pleading entitled "Defendant's Original Answer" on behalf of Henry White, signing the pleading as Henry White's attorney. Rita White did not join in this pleading. Lessor moved for partial summary judgment against Henry White in December 1986. On January 26, 1987, both Henry and Rita White filed an answer, also entitled "Defendant's Original Answer." This pleading was signed by "H. Ron White" as "Attorney for Defendants."

On February 13, 1987, the Whites filed a motion for continuance of the summary judgment hearing. That motion, in which both Henry and Rita White were identified as "Movant," stated: "KEVIN S. WILEY is no longer representing the interest of Movant and it is necessary for Movant to obtain new counsel or attempt to represent himself." The motion for continuance was signed by "H. Ron White" as "Attorney for Movant." Although the record does not so

indicate, the summary judgment hearing was apparently continued.

On May 21, 1987, Lessor filed requests for admission from the Whites. According to the certificate of service, these requests were hand delivered to Kevin S. Wiley as their attorney. The Whites did not submit answers to the requests until July 22, 1987. Lessor filed a motion to deem the requests admitted on the ground that the Whites had failed to respond within thirty days after service of the requests as required by Texas Rule of Civil Procedure 169. Lessor also had earlier filed an amended motion for summary judgment against the Whites, based in part on the deemed admissions. On August 13, 1987, the Whites filed a motion to strike the deemed admissions. The trial court held a hearing on Lessor's motion for summary judgment and the Whites' motion to strike. After the hearing, the trial court apparently denied the motion to strike, and apparently relying, at least in part, upon the admissions, it granted Lessor's motion for summary judgment.

■ Under Texas Rule of Civil Procedure 169, a request for admissions is deemed admitted automatically, without necessity of court order, unless the party to whom the request is directed responds "within thirty (30) days *after service of the request.*" TEX.R.CIV.P. 169(1) (emphasis added). Where a party is represented by an attorney of record, Rule 169 requires service of requests for admission to be made upon the party's attorney unless the court directs otherwise. TEX.R.CIV.P. 169(1). In this case, Lessor served the requests for admission on Kevin S. Wiley as lessees' attorney. Lessees contend that this service was improper because Kevin Wiley was not the attorney of record when the requests were served.

At the time of the events of this case, Rule 10 [1] defined attorney of record as follows:

> An attorney of record is one who has appeared in the case, as evidenced by his name subscribed to the pleadings or to some agreement of the parties filed in the case; and he shall be considered to have continued as such attorney to the end of the suit in the trial court, unless there is something appearing to the contrary in the record.

TEX.R.CIV.P. 10 (Vernon 1979). In this case, Kevin S. Wiley filed no pleadings or other papers on behalf of Rita White. Thus, he was never her attorney of record. However, when Wiley filed an answer on behalf of Henry White he became Henry White's attorney of record. The motion for continuance filed on February 13, 1987, which stated that Wiley was no longer representing either party in this suit, represented "something appearing to the contrary in the record." Therefore, when Lessor delivered its requests for admission to Kevin Wiley in May 1987, Wiley was not attorney of record for either Henry or Rita White; the service was ineffectual.

■ At the hearing on the motion to strike, Henry White presented uncontradicted testimony that he had no knowledge that requests for admission had been filed in the case until he received them from Wiley on or about July 2, 1987. He filed answers to the requests on July 22, 1987, less than thirty days after his receipt of the requests. Under these circumstances, the requests were not properly deemed admitted under Rule 169(1), and the trial court erred in denying the motion to strike. *See Allison v. Means,* 352 S.W.2d 789 (Tex.Civ. App.—Fort Worth 1961, writ ref'd n.r.e.) (defendant cannot be held to have admitted requests where plaintiff's service did not comply with Rule 169). We sustain point of error one.

## THE SUMMARY JUDGMENT

Points two and three urge that the summary judgment was in error. We sustain point three and do not address point two.

■ By point three, Lessees contend that the court erred in granting summary judgment because fact issues existed as to whether Lessor had correctly credited all of lessees' payments. We agree.

---

1. Rule 10 has since been amended by Order of July 15, 1987, effective January 1, 1988.

In its first amended motion for summary judgment, Lessor sought $15,504.76 plus additional damages on the basis of the parties' rental agreement. Lessor identified the $15,504.76 as the unpaid balance due under the agreement. In addition to the requested admissions, which we have held were unavailable to support the summary judgment, Lessor relied on the affidavit of its Legal Coordinator[2] which stated that Lessee had entered into an equipment rental agreement with Lessor on November 30, 1981; that the agreement obligated Lessees to pay Lessor gross rentals of $36,827.91 in sixty-three monthly payments of $584.57 each; that Lessee had made none of the payments falling due under the lease since January 1, 1986; and that they owed an unpaid balance of $15,504.76, plus past due taxes, late charges, miscellaneous expenses, and interest. In response Lessees alleged that Lessor had failed to credit all payments. The affidavit was supported with a copy of a check to Lessor dated May 12, 1986, for $357.28.

A plaintiff moving for summary judgment must conclusively establish all essential elements of his cause of action as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986) (per curiam); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979). He bears the burden to show that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *MMP, Ltd.,* 710 S.W.2d at 60. However, where a defendant relies upon an affirmative defense to defeat a motion for summary judgment, he must raise a fact issue on the elements of his affirmative defense. *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex. 1974). It is axiomatic that all evidence favorable to the nonmoving party must be taken as true and every reasonable inference must be indulged in his favor. *MMP, Ltd.,* 710 S.W.2d at 60. Here, the Legal Coordinator's affidavit gave Lessees no credit for payments made after January 1, 1986. The controverting affidavit showed a payment in May 1986. Such evidence created a fact issue upon the affirmative defense of payment; summary judgment was not proper.

We reverse the judgment of the trial court, and remand for further proceedings.

---

2. Lessor also offered an attorney's affidavit which furnished no support for the judgment on the merits.