**ADVANCE TANK & CONSTRUCTION CO., Plaintiff,**

v.

**CITY OF DeSOTO, Defendant.**

**Civ. A. No. 3–89–1542–H.**

United States District Court, N.D. Texas, Dallas Division.

May 23, 1990.

Thomas C. McGraw and Stephen M. Fitzgerald, Gibson Dunn & Crutcher, Dallas, Tex., for plaintiff.

Paul Higgins, City Atty., City of DeSoto, DeSoto, Tex., Jerry C. Gilmore, Kent S. Hofmeister, Robert F. Brown, Vial, Hamilton, Coch & Knox, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are Plaintiff's Motion for Partial Summary Judgment, filed April 20, 1990, and Defendant's response, filed May 10, 1990. Plaintiff moves for a judgment that the liquidated damages provision in the contract between the parties providing for $500 per day of delay is an unenforceable penalty clause.

Under Texas law, a liquidated damages provision will be enforced when the court finds that (1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages is a reasonable forecast of just compensation. *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 592 S.W.2d 340, 342 n. 2 (Tex.1979). The burden is upon the party seeking to invalidate the clause. *Commercial Union Ins. Co. v. La Villa Indep. School Dist.*, 779 S.W.2d 102, 106 (Tex.App.—Corpus Christi 1989, no writ).

Plaintiff argues that the liquidated damages clause did not constitute a reasonable forecast of just compensation for three reasons. They are:

(1) Defendant made no attempt to estimate the actual damages that would occur upon a delay in completion of the project.

(2) Defendant accepted the liquidated damages number given by its engineering firm which took the figure from a chart prepared by the North Texas Council of Governments. The chart's numbers were allegedly based solely on the cost of the project.

(3) No damages could have been expected because the reservoir did not receive water or electricity, and thus did not become operational, until long after the contracted-for completion date.

The first contention appears to be true, but it does not win the case for Plaintiff. Defendant need only raise a fact issue as to whether damages were difficult to estimate, and this it has done.

As a general rule, the measure of damages for delay in completion of a construction project is the fair market rental value of the structure for the period of delay. *Ryan v. Thurmond*, 481 S.W.2d 199, 206 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). Defendant's Director of Public Works stated, and the Court cannot presume otherwise, that determining the fair rental value of a municipal reservoir is inherently difficult if not impossible. Mayer Aff. at ¶ 12. *See also City of Marshall v. Atkins*, 60 Tex.Civ.

App. 336, 127 S.W. 1148, 1151 (1910, writ dism'd) (covenant to pay a fixed sum upon breach of an obligation to furnish public utilities to cities enforced as liquidated damages).[1] Defendant's Public Works Director further stated that he considered the difficulty of estimating damages for the project when he approved the inclusion of the liquidated damages provision in Mayer Aff. at ¶ 12.

Plaintiff, on the other hand, provided no evidence on this issue beyond relying on the fact that no actual damages occurred because of delays in the provision of *other* services. Yet Defendant's Public Works Director stated that at the time the contract was made, he believed that the reservoir would be operational on the date specified for completion. Mayer Aff. at ¶ 6. Since a liquidated damages provision is to be considered in light of the circumstances as the parties perceived them at the formation of the contract, and not as they exist when the contract was performed (or breached) and the damages occurred, *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952), Defendant's belief at the time the contract was signed that the reservoir would be operational is sufficient to support the liquidated damages clause. Moreover, the amount of actual damages sustained is relevant only to a determination of the reasonableness of the liquidated damages. *American Nat'l Ins. Co. v. Tri–Cities Construction, Inc.*, 551 S.W.2d 106, 109 (Tex.Civ.App.—Houston 1977, no writ). Accordingly, the facts that Defendant made no effort to estimate actual damages, and that no actual damages may have occurred, are not dispositive.

Plaintiff's second contention, that Defendant did not consider the reasonableness of the amount of liquidated damages, must also be rejected because the evidence does not support it. Defendant's Director of Public Works stated in his deposition and in his subsequent affidavit that the size of, and the need for, the project were taken into account in determining the amount of liquidated damages. Mayer Dep. at 27–28; Mayer Aff. at ¶ 11. The evidence that might be construed to the opposite effect— the testimony of the engineer that he used the amounts urged by the North Texas Council of Governments, Birkhoff Dep. at 9–13—only suffices to create a fact issue. Yet it is Plaintiff's burden, as the proponent of summary judgment, to prove that no material dispute exists.

Finally, the Court cannot say that the amount of liquidated damages was grossly excessive, even though Defendant appears not to have suffered any actual damages due to the delay. Defendant accepted Plaintiff's bid not because it was the lowest dollar bidder, but because Plaintiff offered to complete the job most quickly. In effect, Defendant paid Plaintiff a $51,936 premium to have the reservoir completed 90 days earlier than the lowest dollar bidder would have finished. This shows that to Defendant at least, each day of delay was worth a minimum of $577—$77 over the amount assigned as daily liquidated damages. In any case, a liquidated damages sum may be greater than the actual damages without the sum being struck down as a penalty. *Elliott v. Henck*, 223 S.W.2d 292, 295 (Tex.Civ.App.—Galveston 1949, writ ref'd n.r.e.).

Accordingly, finding that Plaintiff has failed to meet its summary judgment burden of proving that no material facts are in dispute, the Court DENIES Plaintiff's motion.

SO ORDERED.

---

1. That damages for delays in the completion of large municipal projects are difficult to ascertain is supported by the fact that the North Texas Council of Governments has agreed upon a liquidated damages schedule for use by its constituent governments in construction contracts.