**Jeff BAKER d/b/a Jeff Baker Photography, Appellant,**

v.

**INTERNATIONAL RECORD SYNDICATE, INC., Appellee.**

**No. 05–90–00914–CV.**

Court of Appeals of Texas, Dallas.

June 4, 1991.

Dana Andrew Lejune, Houston, for appellant.

Will Pryor, Dallas, for appellee.

Before ENOCH, C.J., and CHADICK[1] and CARVER[2], JJ.

## OPINION ON MOTION FOR REHEARING

ENOCH, Chief Justice.

The opinion of this court issued April 15, 1991 is withdrawn. This is the opinion of the court. Jeff Baker, d/b/a Jeff Baker Photography (Baker), appeals a judgment rendered in his favor in a breach of contract case. The trial court determined that a liquidated damages provision was unenforceable and awarded damages to Baker based on jury findings. We reverse the trial court's judgment and render judgment for Baker.

International Record Syndicate (IRS) hired Baker to take photographs of the musical group Timbuk–3. Baker mailed thirty-seven "chromes" (negatives) to IRS via the business agent of Timbuk–3. When the chromes were returned to Baker, holes had been punched in thirty-four of them. Baker sued for the damages to these chromes. The trial court submitted the issues of actual damages and attorney's fees to the jury. The jury found $15,000 in actual damages and $5000 for attorney's fees. The trial court rendered judgment awarding $51,000 in actual damages and $5000 for attorney's fees. The damage award was pursuant to a liquidated damages clause, which set damages at $1500 per chrome. The trial court later modified the judgment, awarded Baker the $15,000 actual damages found by the jury, and eliminated the attorney's fee award.

## LIQUIDATED DAMAGES

 The provision printed on Baker's invoice states: "[r]eimbursement for loss

---

1. The Honorable T.C. Chadick, Justice, Retired, Supreme Court of Texas, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

or damage shall be determined by a photograph's reasonable value which shall be no less than $1500 per transparency." A liquidated damages clause is meant to be the measure of recovery in the event of non-performance or breach of a contract. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952). The determination of whether a contractual clause is enforceable as a liquidated damages provision or void as a penalty is a question of law. *Mayfield v. Hicks*, 575 S.W.2d 571, 576 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

The Uniform Commercial Code provides: Damages for breach by either party may be liquidated in the agreement but only at an amount which is reasonable in light of the anticipated or actual harm caused by the breach, the difficulties of proof of loss, and the inconvenience or non-feasibility of otherwise obtaining an adequate remedy. A term fixing unreasonably large liquidated damages is void as a penalty.

TEX.BUS. & COM.CODE ANN. § 2.718(a) (Tex. UCC) (Vernon 1968).

 Under Texas law, a liquidated damages provision will be enforced when the court finds (1) the harm caused by the breach is incapable or difficult of estimation, and (2) the amount of liquidated damages is a reasonable forecast of just compensation. *Advance Tank & Constr. Co. v. City of DeSoto*, 737 F.Supp. 383, 384 (N.D.Tex.1990); *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 592 S.W.2d 340, 342 n. 2 (Tex.1979). This might be termed the "anticipated harm" test. The party asserting that a liquidated damages clause is, in fact, a penalty provision has the burden of proof. *Commercial Union Ins. Co. v. La Villa School Dist.*, 779 S.W.2d 102, 106 (Tex.App.—Corpus Christi 1989, no writ). Evidence related to the difficulty of estimation and the reasonable forecast must be viewed as of the time the contract was executed. *Mayfield*, 575 S.W.2d at 576.

 Baker testified that he had been paid as much as $14,000 for a photo session, which resulted in twenty-four photographs and that several of these photographs had also been resold. Baker further testified that he had received as little as $125 for a single photograph. Baker also testified he once sold a photograph for $500. Subsequently, he sold reproductions of the same photograph three additional times at various prices; the total income from this one photo was $1500. This particular photo was taken in 1986 and was still producing income in 1990. Baker demonstrated, therefore, that an accurate determination of the damages from the loss of a single photograph is virtually impossible.

Timbuk–3's potential for fame was an important factor in the valuation of the chromes. At the time of the photo session, Timbuk–3's potential was unknown. In view of the inherent difficulty in determining the value of a piece of art, the broad range of values and long-term earning power of photographs, and the unknown potential for fame of the subject, $1500 is not an unreasonable estimate of Baker's actual damages.

Additionally, liquidated damages must not be disproportionate to actual damages. If the liquidated damages are shown to be disproportionate to the actual damages, then the liquidated damages can be declared a penalty and recovery limited to actual damages proven. *Commercial Union Ins. Co.*, 779 S.W.2d at 107. This might be called the "actual harm" test. The burden of proving this defense is upon the party seeking to invalidate the clause. *Id.* The party asserting this defense is required to prove the amount of the other party's actual damages, if any, to show that the actual loss was not an approximation of the stipulated sum. *Id.* at 106–07; *Johnson Eng'rs, Inc. v. Tri–Water Supply Corp.*, 582 S.W.2d 555, 557 (Tex.Civ.App.—Texarkana 1979, no writ).

 While evidence was presented that showed the value of several of Baker's other projects, this was not evidence of the value of the photographs in question. The evidence clearly shows that photographs are unique items with many factors bearing on their actual value. Each of the thirty-four chromes may have had a differ-

ent value. Proof of this loss is difficult; where damages are real but difficult to prove, injustice will be done the injured party if the court substitutes the requirements of judicial proof for the parties' own informed agreement as to what is a reasonable measure of damages. The evidence offered to prove Baker's actual damages lacks probative force. IRS failed to establish Baker's actual damages as to these particular photographs.

 Even assuming that the jury's findings as to damages are an accurate assessment, we do not agree that that sum is so disproportionate to the stipulated sum so as to abrogate the parties' agreement. Consequently, we conclude that the facts and circumstances of this case require that we reach a decision contrary to the one made by the trial court. We sustain Baker's first point of error and hold that the liquidated damages clause is enforceable.

### ATTORNEY'S FEES

 In his original petition, Baker pleaded a breach of contract and sought attorney's fees pursuant to section 38.001 of the Civil Practice and Remedies Code. At trial, Baker's attorney took the stand and testified that a one-third or 40% contingency fee was reasonable. All testimony on reasonableness and necessity of attorney's fees was unrebutted. The jury awarded Baker $5000 in attorney's fees. The trial court then rendered judgment setting aside the award of attorney's fees. For a trial court to disregard a jury's findings and enter a judgment notwithstanding the verdict, it must determine that there is no evidence upon which the jury could have made its findings. *Dowling v. NADW Mktg., Inc.,* 631 S.W.2d 726, 728 (Tex.1982); *Collision Center Paint & Body, Inc. v. Campbell,* 773 S.W.2d 354, 356 (Tex.App.— Dallas 1989, no writ).

We review the evidence in the light most favorable to the jury finding, considering only the evidence and inferences that support the finding and rejecting the evidence and inferences contrary to the finding. *Navarette v. Temple Indep. School Dist.,* 706 S.W.2d 308, 309 (Tex.1986); *Collision Center,* 773 S.W.2d at 357. Where there is

more than a scintilla of competent evidence to support the jury's finding, then the judgment notwithstanding the verdict should be reversed. *Collision Center,* 773 S.W.2d at 356–57. We sustain Baker's second point of error.

We reverse the judgment of the trial court. We render judgment for Baker in the amount of $51,000 for actual damages and $5000 for attorney's fees. TEX. R.APP.P. 80(b)(3).