11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Healix Infusion Therapy, Inc.

Appellant

Vs.                   No.
11-02-00346-CV -- Appeal from Dallas County

Nicholaos C. Bellos, M.D., P.A. 

Appellee

 

The trial
court granted a motion for summary judgment filed by Nicholaos C. Bellos, M.D.,
P.A. and enforced a contractual liquidated damages clause against Healix
Infusion Therapy, Inc.  The trial court
awarded Dr. Bellos $10,000.00 in his suit against Healix.  The trial court also awarded attorney=s fees to Dr. Bellos.  In two issues on appeal, Healix argues that
the liquidated damages clause is an unenforceable penalty and that there are
genuine issues of material fact regarding damages.[1]  We affirm. 

Dr.  Bellos sued Healix in another lawsuit; the
parties reached a settlement in that suit. 
Both parties agreed not to disclose the nature of the settlement
agreement.  The agreement provided for
$10,000.00 in liquidated damages in the event of a breach by either party.  After the settlement agreement was signed,
Methodist Hospitals of Dallas (Methodist), where Dr. Bellos practiced, sent
$6,385.13, which it owed to Dr. Bellos, because it mistakenly believed that
Healix held a lien against Dr. Bellos. 
Healix sent a letter and a copy of the settlement agreement to Methodist
to show that there was no lien.  Dr.
Bellos claimed that Healix breached the settlement agreement when Healix
furnished the agreement to Methodist, and he sued Healix to recover under the
liquidated damages provision of the agreement. 








A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that the moving party is
entitled to judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex.1991).  Once the movant
establishes a right to a summary judgment, the non-movant must come forward
with evidence or law that precludes summary judgment.  City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 678-79 (Tex.1979).  When reviewing
a summary judgment, the appellate court takes as true evidence favorable to the
non-movant.  Every reasonable inference
must be indulged in favor of the non-movant and any doubts resolved in its
favor.  American Tobacco Company,
Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Nixon v. Mr. Property
Management Company, Inc., 690 S.W.2d 546, 548-49 (Tex.1985).  In order to succeed on an affirmative
defense in a summary judgment proceeding, a defendant must establish every
element of the affirmative defense.  American
Tobacco Company, Inc. v. Grinnell, supra.

Courts
will enforce liquidated damages provisions in contracts when the court finds
that the harm resulting from a breach of the contract is incapable or difficult
to estimate and when it also finds that the amount provided as liquidated
damages is a reasonable forecast of just compensation.  Rio Grande Valley Sugar Growers, Inc. v.
Campesi, 592 S.W.2d 340, 342 n.2 (Tex.1979).  The Adifficulty
of estimation@ and Areasonable forecast@ questions must be determined from evidence of the circumstances which
existed at the time the parties executed the agreement.  Baker v. International Record Syndicate,
Inc., 812 S.W.2d 53 (Tex.App. B Dallas 1991, no writ).  Courts
will not enforce liquidated damages clauses which do not meet those criteria
because the clauses would constitute unenforceable penalties.  Phillips v. Phillips, 820 S.W.2d 785
(Tex.1991).  Determining whether a
liquidated damages clause is enforceable or whether it is an unenforceable
penalty is a question of law.  Phillips
v. Phillips, supra.

In this
case, the initial burden was on the movant. 
However, when a party raises the affirmative defense of penalty, that
party assumes the burden to conclusively establish the defense.  Baker v. International Record Syndicate,
Inc., supra.  Therefore, the burden
was upon Healix to prove that the contractual liquidated damages was an
unenforceable penalty.








 The settlement agreement offered as summary
judgment evidence by Dr. Bellos showed that the parties agreed to keep the
nature of the settlement agreement confidential.  The parties further agreed that a breach of the confidentiality
clause would result in imminent and irreparable  harm and that the damages for a breach of confidentiality would
be $10,000.00.  Healix admitted in its
response to Dr. Bellos=s
request for admissions that it agreed to the confidentiality of the agreement
and that it agreed to the $10,000.00 liquidated damages clause.  Dr. Bellos=s affidavit reflected that he agreed to the confidential nature of the
agreement and that he had performed all acts required of him under the
settlement agreement.  His affidavit
further showed that Methodist subjected him to a re-credentialing process every
two years.  He was unaware of how the
disclosure of the agreement would affect the re-credentialing process, but
states that he has been harmed in a manner that is Aincapable of or difficult of estimation.@

As part of
its proof, Healix attached the affidavit of Heather Hughes-Glass, the corporate
risk manager for Healix.  In her
affidavit, Heather Hughes-Glass stated that, as soon as she became aware of the
confidentiality provision of the agreement that was sent to Methodist, she
contacted Dean Matthys, the corporate risk manager for Methodist, to have him
destroy the agreement.  She further
stated that Matthys indicated that only he and his assistant were aware of the
settlement agreement. Also included in the summary judgment evidence was an
affidavit given by Matthys as well as a letter from Matthys to Healix.  These documents indicated that the copy of
the settlement agreement was destroyed soon after it was received by Methodist
and that the only two people to see the agreement, Matthys and his assistant
Lisa Irby, were not involved with the re-credentialing process at
Methodist.  Finally, Healix offered as
summary judgment evidence Dr. Bellos=s response to a request for disclosure that any economic damages
suffered by Dr. Bellos were difficult to estimate. 

This
evidence does not meet the burden Healix must bear:  that at the time the agreement was made damages could be easily
ascertained and that the amount of the liquidated damages award was not a
reasonable forecast of just compensation. 
Healix contends that the award of liquidated damages is disproportionate
to the actual damages suffered by Dr. Bellos because Dr. Bellos did not have
any actual damages.  To emphasize this
point, Healix relies on Baker.  AIf the liquidated damages are shown to be
disproportionate to the actual damages, then the liquidated damages can be
declared a penalty and recovery limited to actual damages proven.” Baker v.
International Record Syndicate, Inc., supra at 55.  Healix still must show that, at the time the
agreement was made, the amount of the liquidated damages was not a reasonable
forecast.  To prove this defense, Healix
must prove actual damages, if any, to show that the actual loss was not an
approximation of the stipulated sum.  Baker
v. International Record Syndicate, Inc., supra.  That damages are not yet ascertainable is not tantamount to
evidence of Azero” damages.








The
summary judgment evidence establishes that there was an agreement between
Healix and Dr. Bellos that prohibited the disclosure of the nature of the
settlement agreement and that Dr. Bellos performed all the required acts under
the agreement.  Healix breached the
agreement by sending a copy of the agreement to Methodist.  Because we find that Healix failed to meet its
burden of proof on the penalty issue and because Healix failed to raise a
genuine issue of material fact, we hold that the trial court did not err when
it granted Dr. Bellos=s
motion for summary judgment.  Healix=s issues on appeal are overruled. 

The judgment
of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

 

October 23, 2003

Not designated for
publication.  See TEX.R.APP.P.
47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]The award of attorney=s
fees is not contested in this appeal.