MAXWELL, J.,
specially concurring:
¶ 19. I agree with Judge Russell’s affir-mance of, the trial judge’s award of liquidated damages but write separately to explain my reasoning.
¶ 20. This case turns on the enforceability of a liquidated-damages clause in a construction contract. The provision called for Hovas’s substantial completion of its construction work at the Western Line school by June 6, 2008. The parties agreed Hovas would be assessed $500 for each calendar day beyond June 6 that substantial completion of the contract was delayed. Hovas did not meet the deadline. Rather, it presented notice of substantial completion to the School District on July 15, 2008 — some thirty-nine days later.
¶ 21. Mississippi recognizes that parties to a contract may agree on the payment of liquidated damage where determination of actual damages would be difficult upon breach. Brown v. Staple Cotton Coop. Assoc., 132 Miss. 859, 892, 96 So. 849, 856-57 (1923). But when a contract’s terms impose a penalty for the purpose of “terrorizing” a party to comply with its terms, the penalty is not enforceable upon breach, either in equity or at law. Shields v. Early, 132 Miss. 282, 296, 95 So. 839, 841 (1923). “[T]he essence of liquidated damages is a genuine covenanted pre-esti-mate of damages.” Id. at 296-97, 95 So. at 841 (internal quotations omitted). “To distinguish then liquidated damages from a penalty, courts must look to the parties’ intentions.” Bd. of Trs. of State Insts. of Higher Learning v. Johnson, 507 So.2d 887, 890 (Miss.1987).
¶ 22. I respectfully disagree with Judge Griffis’s suggestion that Mississippi law required that the School District prove actual damages resulted from the breach to recover liquidated damages.[1] While some courts utilize this back-end retrospective analysis to determine whether actual damages flow from the breach,[2] Mis *669 sissippi does not. If Mississippi followed this approach, my analysis would indeed differ. But Mississippi apparently utilizes a prospective or front-end approach that instead focuses on the reasonableness of a liquidated-damages clause as of the time the contract was executed — not in hindsight. Indeed, the Mississippi Supreme Court has explained: “Whether a sum stipulated is a penalty or liquidated damages is a question of construction ‘to be decided upon the terms and inherent circumstances of each particular contract, judged as at the time of the making of the contract, not as at the time of the breach’ ” Shields, 132 Miss, at 297, 95 So. at 841 (emphasis added).
¶ 23. Mississippi courts give special weight to two basic considerations when deciding whether a contractual provision provides for liquidated damages or an unenforceable penalty: (1) whether the stipulated damages are a reasonable pre-esti-mate of damages, and (2) whether at the time of the contract’s execution, it is difficult to determine actual damages resulting from a breach. Johnson, 507 So.2d at 890. “In Mississippi, where such damages for breach are both uncertain and difficult of estimation, such a provision has regularly been construed as one for liquidated damages.” Id. (internal quotations and citations omitted).
¶ 24. Here, Hovas’s breach is undisputed. So it reasons that, because both parties agreed to per diem damages upon breach, the burden of proving that the liquidated-damages clause is an unenforceable penalty falls on Hovas — the party challenging the provision. It is apparent that when forming the contract it was difficult if not impossible to determine the actual amount of damages that might result if the building was substantially delayed, or worse yet, not constructed before the school year began. And because the building was not intended to be rented or used for other commercial purposes, forecasting the probable or presumptive loss was much harder to estimate. However, it is reasonable to believe that the district and school, as well as its administrators, custodians, and teachers would undoubtedly suffer some loss in the event of default. Given the uncertainty of actual damages, the amount of $500 per day on a $450,000 contract, which was agreed upon by Ho-vas, does not strike me as an unreasonable anticipation of damages when viewed prospectively. See id. at 890. (finding liquidated-damages provision that varied based on the time remaining under a contract where prospective loss was difficult to assess was reasonable). Because Hovas has not proved the terms of the liquidation clause were unreasonable and thus amounted to a mere penalty, I would affirm the circuit judge’s award of liquidated damages.
ROBERTS AND FAIR, JJ., JOIN THIS OPINION.

. However, I do agree with Judge Griffis that the subsequent problems and inconveniences the school district allegedly suffered relating to the bathrooms cannot and should not have been considered by the trial judge when determining the enforceability of the liquidated-damages provision. So to the extent the trial judge relied on these purported damages, it was improper to do so.

. In Virginia, “a liquidated damages clause will be construed as an unenforceable penalty ... 'where the stipulated amount would be grossly in excess of actual damages.’ " O'Brian v. Langley Sch., 256 Va. 547, 507 S.E.2d 363, 365 (1998) (quoting Brooks v. Bankson, 248 Va. 197, 445 S.E.2d 473, 479 (1994)). And in Texas, “[i]f the amount stipulated in the liquidated damages clause is ‘shown to be disproportionate to actual damages,' [the court] should declare that the clause is a penalty and limit recovery to actual damages." SP Terrace, L.P. v. Meritage Homes of Texas, LLC, 334 S.W.3d 275, 287 (Tex.Ct.App.2010) (quoting Johnson Eng’rs, Inc. v. TriWater Supply Corp., 582 S.W.2d 555, 557 (Tex.Ct.App.1979)).