**TOMMY GIO, INC. d/b/a Tiger Room; Greenville Avenue Service Bar, Inc. d/b/a Service Bar; and Kypros, Inc. d/b/a Sofrano's, Appellants,**

v.

**Stacy A. DUNLOP and The Dunlop Law Firm, PLLC, Appellees.**

No. 05–10–00259–CV.

Court of Appeals of Texas, Dallas.

Aug. 12, 2011.

Stephanie L. Wooley, T. Craig Sheils, Latrice Elder Andrews, Sheils Winnubust, P.C., Richardson, TX, for Appellants.

Stacy Arnold Dunlop, The Dunlop Law Firm PLLC, Dallas, TX, pro se.

Before Justices RICHTER, LANG, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

In this legal malpractice case, appellants Tommy Gio, Inc. d/b/a Tiger Room; Greenville Avenue Service Bar, Inc. d/b/a Service Bar; and Kypros, Inc. d/b/a Sofrano's appeal the trial court's take-nothing judgment in favor of appellees Stacy A. Dunlop (Dunlop) and his law firm, The Dunlop Law Firm, PLLC. In three is-

sues, appellants assert: (1) appellees breached their duty to appellants by failing to communicate relevant information to appellants, respond to discovery, file a motion to undeem admissions, and assert meritorious defenses in an underlying employment discrimination lawsuit, (2) appellees' breach of their duty to appellants barred appellants from arguing meritorious defenses that would have resulted in a different outcome in the underlying employment discrimination lawsuit, and (3) appellees are liable to appellants for damages awarded in the underlying employment discrimination lawsuit or the amount of settlement of that lawsuit after judgment. We affirm the trial court's judgment.

## Background

The parties' dispute arises from the defense by attorney Dunlop of an employment discrimination lawsuit filed by Melissa Baker (Baker) against appellants. That case was styled *Melissa G. Baker v. Tiger Room/Service Bar; Greenville Avenue Service Bar, Inc.; Sofrano's; Tommy Gio, Inc.; and their Agents, Successors, and Assigns,* No. 07–4921–E, 101st Judicial District Court, Dallas County, Texas (the *Baker* lawsuit). Baker contended that, in violation of Texas anti-discrimination law, appellants wrongfully terminated her employment as a Tiger Room bartender because she was pregnant. *See* TEX. LAB. CODE ANN. § 21.051 (West 2006) (an employer commits an unlawful employment practice if, because of gender, the employer discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment).

In July 2007, attorney Michael A. Stephens (Stephens) was retained to represent appellants in the *Baker* lawsuit. On July 16, 2007, Baker served the appellants through their attorney Stephens with written discovery, including Baker's request for admissions. After the deadline had passed for responding to Baker's written discovery, Ioannis Manettas (Manettas), president, sole shareholder, and sole director of appellants, sought other legal representation for appellants in the *Baker* lawsuit. On November 19, 2007, the trial court signed an order of substitution of counsel, substituting Dunlop for Stephens as the attorney of record for appellants. After assuming appellants' defense, Dunlop requested the *Baker* lawsuit litigation file from Stephens, but Stephens neither responded to communications from Dunlop nor forwarded the litigation file. Dunlop reviewed the trial court's file in the *Baker* lawsuit to ascertain what information was available in court records. Dunlop learned through review of the trial court's case file that written discovery had been served on appellants prior to Dunlop substituting as counsel. By letter dated January 11, 2008, Dunlop advised appellants that Stephens would not communicate with Dunlop, Baker had served appellants with written discovery prior to Dunlop's substituting as counsel, and Dunlop believed Stephens was avoiding Dunlop because written discovery served while Stephens represented appellants was not responded to.

Dunlop confirmed through Baker's attorney that appellants had not responded to Baker's July 16, 2007 discovery, including the request for admissions. Baker's attorney provided Dunlop copies of the discovery previously served on appellants. Once Dunlop learned of the outstanding discovery, he requested that Baker's counsel agree to an extension of time to respond, but Baker's counsel did not agree to the requested extension of time. In advance of the September 2, 2008 trial setting, Dunlop again conferred with Baker's counsel and sought an agreement that

he would not oppose a motion by appellants to undeem admissions[1] to Baker's request for admissions, but Baker's counsel advised he would oppose such a motion.

The *Baker* lawsuit was tried to the court on September 2, 2008.[2] At trial, Baker's counsel moved to preclude appellants from offering any evidence that was not disclosed in answers or responses to the outstanding interrogatories and requests for production of documents or from controverting the deemed admissions to the unanswered request for admissions. *See Collision Ctr. Paint & Body, Inc. v. Campbell*, 773 S.W.2d 354, 356 (Tex.App.-Dallas 1989, no writ) (admission, deemed or otherwise, is judicial admission; a party may not introduce testimony to controvert it); *Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex.App.-Austin 1987, no writ) (deemed admissions may not be controverted by other evidence). The trial court noted that Baker served her request for admissions on July 16, 2007 and no response to the request for admissions was timely served, nor had a motion to set aside the deemed admissions been filed. The trial court stated that all matters in Baker's request for admissions were conclusively deemed admitted by appellants for purposes of the trial. *See Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.-Dallas 1986, no writ) (if party fails to timely respond to requests for admissions, the requests for admissions are automatically deemed admitted and the trial court has no discretion to deem, or refuse to deem, the admissions that are admitted).

Appellants' deemed admissions included the following: Baker was employed by appellants as a bartender; prior to her termination, Baker had informed one or more of her superiors of her pregnancy; managerial personnel of Baker's employer were instructed by "higher-ups" that Baker "should be removed from her employment position" because of her pregnancy; Baker's employer terminated her employment because she was pregnant; and each appellant was an "employer" under the Texas Commission on Human Rights Act (the CHRA) in that at all material times, each defendant [appellant] had more than fourteen employees in each of twenty or more calendar weeks in the current or preceding year. *See* TEX. LAB.CODE ANN. § 21.002(8)(A) (West Supp. 2010) ("employer" means a person "engaged in an industry affecting commerce and who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

After the parties rested, the trial court announced a finding that Baker had established she was unlawfully terminated on account of her pregnancy in violation of the Texas Labor Code and that it was awarding damages to Baker.[3] Following the trial, Dunlop was replaced as the attorney for appellants. In December 2008, Baker's claims against appellants were settled, as memorialized in a written settlement agreement, whereby appellants agreed to pay Baker an amount in settlement.

Appellants then filed the legal malpractice lawsuit that is the subject of this appeal against Stephens and appellees.

---

1. If a response to a request for admissions is not timely served, "the request is considered admitted without necessity of a court order." TEX.R. CIV. P. 198.2(c).

2. Dunlop sought a continuance of the trial setting which the trial court denied.

3. No judgment in the *Baker* lawsuit was admitted in evidence at the trial of the legal malpractice case, and there is no judgment entered in the *Baker* lawsuit in the record of this appeal.

Appellants contended that, in conjunction with the *Baker* lawsuit, Stephens[4] and appellees failed to communicate with and provide relevant information to appellants, respond to discovery, file a motion to undeem admissions, and present valid defenses on behalf of appellants. The legal malpractice case was tried before the bench, and the trial court found in favor of appellees. In its findings of fact and conclusions of law, the trial court determined that appellees did not have an attorney-client relationship with appellants at the time the request for admissions was served or at the time the responses to the request for admissions became past due. The trial court further determined that appellants had not established by a preponderance of the evidence that the acts or omissions of appellees proximately caused damage to appellants. Appellants filed this appeal of the take-nothing judgment entered by the trial court.

## Discussion

In their first issue, appellants contend appellees breached their duty to appellants by failing to communicate relevant information to appellants, respond to discovery, file a motion to undeem admissions, and assert meritorious defenses in the underlying employment discrimination lawsuit. In their second issue, appellants contend that appellees' breach of their duty to appellants barred appellants from asserting meritorious defenses, which proximately caused harm to appellants. Appellees acknowledge that during part of the pendency of the *Baker* lawsuit, they had an attorney-client relationship with appellants, and that during the period of the attorney-client relationship, appellees owed a duty to appellants. However, appellees assert they were not negligent and

that appellants failed to establish that appellees' alleged failure to adequately represent appellants in the *Baker* lawsuit proximately caused the appellants' damages.

An attorney malpractice action in Texas is based on negligence. *Cosgrove v. Grimes*, 774 S.W.2d 662, 664 (Tex.1989) (op. on reh'g); *see also Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex.App.-Fort Worth 2002, pet. denied) (legal malpractice is based on negligence, because such claims arise from attorney's alleged failure to exercise ordinary care). Generally, to prevail on a legal malpractice claim, a plaintiff must show the attorney owed the plaintiff a duty, the attorney breached that duty, the breach proximately caused the plaintiff's injuries, and damages occurred. *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 117 (Tex.2004).

When the plaintiff's allegation is that some failure on the attorney's part caused an adverse result in prior litigation, the plaintiff has the burden to prove that, but for his attorney's negligence, he would have prevailed in the underlying case. *Schlager v. Clements*, 939 S.W.2d 183, 186–87 (Tex.App.-Houston [14th Dist.] 1996, writ denied); *see also Turtur & Assocs.*, 146 S.W.3d at 117 (plaintiff must produce evidence from which a fact finder may reasonably infer that the attorney's conduct caused the damages alleged). Appellate court opinions often refer to this causation aspect of the plaintiff's burden as the "suit-within-a-suit" requirement. *Greathouse v. McConnell*, 982 S.W.2d 165, 173 (Tex.App.-Houston [1st Dist.] 1988, pet. denied).

Here, appellants challenge the legal sufficiency of the evidence to support the trial

---

4. Appellants subsequently nonsuited Stephens, indicating in their nonsuit that they had settled all matters in controversy with Stephens.

court's finding that they did not establish by a preponderance of the evidence that the acts or omissions of appellees proximately caused damage to appellants. Appellants acknowledge they had the burden to prove proximate cause by a preponderance of the evidence. *See Turtur & Assocs.*, 146 S.W.3d at 117 (where plaintiff contends some failure or failures on part of attorney caused adverse result in underlying litigation, plaintiff must produce evidence from which fact finder could reasonably infer that attorney's conduct caused the damages alleged); *see also Schlager,* 939 S.W.2d at 186.

 When a party attacks the legal sufficiency of an adverse finding regarding an issue on which it had the burden of proof, the party must demonstrate on appeal that the evidence established the fact in its favor as a matter of law. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001) (per curiam) (citing *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989)). In reviewing such a challenge, we must first examine the record for evidence that supports the finding, crediting favorable evidence if a reasonable fact finder could, while disregarding all evidence to the contrary, unless a reasonable fact finder could not disregard it. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005); *see also Seidel v. Seidel,* 10 S.W.3d 365, 368 (Tex.App.-Dallas 1999, no pet.) (in reviewing legal sufficiency of the evidence, we view *evidence in light* most favorable to trial court's findings, consider only the evidence and inferences that support the findings, and disregard all evidence and inferences to the contrary; we uphold trial court's findings if more than a scintilla of evidence exists to support them); *Dunn v. Dunn,* 177 S.W.3d 393, 396 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (we review findings of fact entered in trial before the court for

legal and factual sufficiency of the evidence by same standards used to review a jury's answer to a special issue).

The trial court found appellants had not established by a preponderance of the evidence that the acts or omissions of appellees proximately caused damage to appellants. Therefore, we focus first on whether appellants conclusively established the element of proximate cause. *See Turtur & Assocs.,* 146 S.W.3d at 119 (breach of standard of care and causation are separate inquiries, and an abundance of evidence as to one cannot substitute for a deficiency of evidence as to the other). We begin our analysis with appellants' contention in their first issue that appellees were negligent in legal representation of appellants by failing to move to undeem appellants' admissions to the unanswered request for admissions.

 Under rule of civil procedure 198.3(a), a trial court may permit a party to withdraw or amend an admission if the party shows good cause for the withdrawal or amendment. TEX.R. CIV. P. 198.3(a). "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green,* 157 S.W.3d 439, 442 (Tex.2005) (per curiam). In addition to finding good cause for withdrawal of an admission, the trial court may permit a party to withdraw an admission only if the court finds that the party relying on the deemed admissions will not be unduly prejudiced, and that presentation of the merits of the action will by served by permitting the withdrawal of the admission. TEX.R. CIV. P. 198.3(b).

 A trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex.1996) (per curiam); *see also Collision Ctr. Paint & Body, Inc.,* 773 S.W.2d at 356 (appellate

court concluded trial court did not err in finding party had not shown good cause for untimely responses to requests for admissions). An appellate court should set aside a trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Papania*, 927 S.W.2d at 622 (appellate court concluded there was evidence in record to support trial court's order allowing withdrawal of admissions; record contained affidavit regarding party's action taken upon discovery of "faulty" admissions and, to show good cause, affidavit and report established party did not own property where complainant fell). A trial court abuses its discretion if it acts without reference to guiding rules or principles, or acts arbitrarily or unreasonably. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex.1985).

After the parties rested in the legal malpractice action, the trial court expressed its intention to focus on the "specific issue" in the case. The trial court noted that there must be a showing by appellants that the request for admissions in the *Baker* lawsuit was not answered because of accident or mistake in order to establish good cause for setting aside deemed admissions under rule of civil procedure 198.3(a). The trial court acknowledged the abuse-of-discretion standard applicable to a trial court's ruling on a motion to set aside deemed admissions, and focused on what evidence, if any, in the legal malpractice action conclusively established accident or mistake, such that the *Baker* trial court would have abused its discretion in denying a motion to set aside the deemed admissions had such a motion been filed.

Barry Hersh, appellants' expert in the legal malpractice case, stated that he did not think the trial court in *Baker* would have denied a motion to withdraw the deemed admissions, but acknowledged that denial of such a motion was within the realm of possibility. Manettas testified that he hired Stephens to file an answer to the *Baker* lawsuit. He testified that Stephens was sick and had been in the hospital. Manettas stated he did not "feel like [Stephens] was on top of the case" and he was "uncomfortable" with Stephens's representation, and he looked for another attorney to represent appellants in the *Baker* lawsuit. In their post-trial brief provided to the trial court, appellants state appellees took over representation of appellants in the *Baker* lawsuit because Stephens was unable to continue due "in part" to illness. There was no evidence from Stephens regarding accident or mistake in failing to timely respond to the request for admissions.

In response to a trial court inquiry, the attorney representing appellants at the legal malpractice trial acknowledged that there was no direct evidence explaining why the request for admissions was not timely answered by Stephens. He contended testimony that Stephens had been ill was circumstantial evidence regarding accident or mistake in failing to timely respond to Baker's request for admissions. Dunlop responded that he had not filed a motion to undeem the admissions because he knew of no accident or mistake resulting in the admissions being unanswered, although he attempted to obtain that information from Stephens. Dunlop also stated that he believed a motion to withdraw deemed admissions would have more potential for success if answers to the request for admissions were served before or in conjunction with the filing of such a motion, but he had not received cooperation from appellants in providing information necessary to respond to the request for admissions.

We disagree with appellants' assertion in their post-trial brief to the trial court that had appellees filed a motion to withdraw the deemed admissions in the *Baker* lawsuit, the *Baker* trial court "would have had no choice but to set aside the deemed admissions" and appellants' assertion on appeal that, had appellees filed a motion to withdraw the deemed admissions in the *Baker* lawsuit, the motion "would have been granted." Testimony that Stephens had been ill did not conclusively establish accident or mistake for purpose of good cause to set aside deemed admissions or that the trial court in *Baker* would have abused its discretion by denying a motion to undeem admissions. We conclude that appellants did not conclusively establish as a matter of law that the outcome of the *Baker* lawsuit would have been different if appellees had filed a motion to undeem the admissions or that appellees' failure to file a motion to set aside the deemed admissions proximately caused the appellants' damages.

This conclusion controls our resolution of appellants' remaining arguments relating to their first and second issues. Appellants contend in their first issue that appellees' negligence in failing to communicate relevant information to them proximately caused their damages.[5] Appellants specifically contend appellees failed to adequately communicate with them regarding the discovery from Baker that had not been answered or responded to, including the request for admissions, and the date of the trial setting. Appellants also contend in their first issue that appellees were negligent in failing to respond to discovery. In their first issue and second issue, respectively, appellants contend that appellees breached their duty to appellants by failing to assert meritorious defenses to Baker's claims in the *Baker* lawsuit, and the failure to assert meritorious defenses proximately caused harm to appellants. *See Heath v. Herron*, 732 S.W.2d 748, 753 (Tex.App.-Houston [14th Dist.] 1987, writ denied) (to support malpractice recovery, client must establish he had a meritorious defense to the underlying lawsuit); *Martin v. Allman*, 668 S.W.2d 795, 797 (Tex.App.-Dallas 1984, no writ) (meritorious defense is one that, if proved, would cause a different result upon retrial of the case). Appellants specifically contend that appellees failed to assert defenses that appellants did not terminate Baker and that appellants were not "employers" under the CHRA.

The alleged failures on the part of appellees to (1) communicate with appellants regarding pending discovery and the date of the trial setting, (2) respond to discovery, and (3) assert meritorious defenses could not have been proximate causes of appellants' damages. By the time appellees substituted as counsel for appellants in the *Baker* lawsuit, admissions had been deemed that appellants terminated Baker as a bartender because she was pregnant and that appellants were "employers" under the CHRA in that at all material times, each appellant had more than four-

---

5. Dunlop testified he communicated with Manettas repeatedly regarding the outstanding discovery, the necessity for responding to that discovery, and the potential adverse consequences for appellants if the discovery remained unanswered. There was also testimony from Dunlop and Manettas regarding Manettas being in Greece from June through the end of August 2008, Manettas's return to Dallas on August 27 or 28, and Manettas's awareness before his departure for Greece that the trial setting could be in September 2008. Dunlop testified regarding his attempts to contact Manettas to advise him of the September 2 trial setting, and Manettas testified that that he did not turn on his cell phone upon returning to Dallas until September 2, and did not return Dunlop's phone messages until after the trial to the court had been completed.

teen employees in each of twenty or more calendar weeks in the current or preceding year. *See* TEX. LAB.CODE ANN. § 21.002(8)(A). The trial court determined that appellants were precluded from controverting the deemed admissions in the *Baker* lawsuit and noted that there were no defenses that appellees could have raised successfully that had not been eliminated by the deemed admissions.[6] Notwithstanding appellees' purported "failures," the deemed admissions conclusively established the essential elements of Baker's cause of action in the underlying employment discrimination lawsuit. Having concluded appellants failed to conclusively establish as a matter of law that appellees' failure to seek to set aside the deemed admissions proximately caused appellants' damages, we must also conclude appellants have not conclusively established as a matter of law that but for appellees' purported negligence in failing to communicate information, respond to discovery, and assert meritorious defenses, appellants would not have suffered an adverse outcome in the *Baker* lawsuit.

On this record, we conclude appellants have not conclusively established as a matter of law that an act or omission of appellees proximately caused damage to appellants, and there is legally sufficient evidence to support the trial court's finding that appellants did not establish that the acts or omissions of appellees proximately caused damage to appellants. We overrule appellants' first and second issues.

In their third issue, appellants contend that appellees are liable to them for the amount of the judgment in the *Baker* lawsuit[7] or the amount for which appellants settled all of Baker's claims against them after judgment was entered. Based on our disposition of appellants' first and second issues, we need not address their third issue. *See* TEX.R.APP. P. 47.1.

We affirm the trial court's judgment.

**6.** After substituting as appellants' counsel in the *Baker* lawsuit and before appellees were aware of the deemed admissions, appellees filed an amended answer and asserted the defense that Baker was not terminated by appellants and that Baker ceased her employment voluntarily. In addition to the uncontroverted deemed admissions, Baker testified at trial that she was terminated due to her pregnancy, she was told by managerial personnel on more than one occasion that she was being fired as a bartender because she was pregnant, and she was told that she was a liability to the company and that customers did not want to see a pregnant bartender. Although not played during the *Baker* trial, Baker testified with regard to an audiotape of conversations with employees of appellants confirming she was terminated and the termi-

nation was because of her pregnancy. Baker also testified that appellant Tommy Gio was the operator of the three appellant bars, Tiger Room, Greenville Avenue Service Bar, and Sofrano's. She testified that the bars utilized the same managerial personnel to run all of the bars and regularly shifted employees between the bars. According to Baker's testimony, there were forty to fifty employees of the Tiger Room during the time she was employed there and at least one hundred employees of the three appellant bars collectively.

**7.** As noted above, there is no judgment entered in the *Baker* lawsuit in the record of this appeal.