**Reverse and Render in part; Remand in part; Affirm in part and Opinion Filed February 28, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00313-CV

### NEMORIA CORIA, Appellant
### V.
### CHRISTOPHER JIDE OGIDAN AND MOSES GBOLABO, Appellees

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-13113**

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Schenck
Opinion by Justice Bridges

Appellant Nemoria Coria purchased a home from appellees Christopher Jide Ogidan and Moses Gbolabo. She later sued appellees for breach of contract and DTPA violations. The trial court entered a take-nothing judgment in favor of appellees. In four issues, appellant argues the trial court erred by (1) entering a take nothing judgment when the undisputed evidence established appellees breached the general warranty deed; (2) concluding appellees did not breach the real estate contract or violate the DTPA; (3) not finding appellees failed to disclose delinquent tax information to appellant; and (4) sua sponte withdrawing appellees' deemed admissions. We reverse the take nothing judgment in favor of appellees on appellant's breach of contract claim, render judgment that appellant recover $19,269.77 in damages, and remand for a

determination of attorney's fees and cost. In other respects, the judgment of the trial court is affirmed.

## Background

Appellant and appellees entered into a real estate contract on July 7, 2014, in which appellant agreed to buy a home for $15,000. The contract stated in several places that the buyer "accepts the property 'as is.'" The contract also provided that at closing, "Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and . . . furnish tax statements or certificates showing no delinquent taxes on the Property." The parties executed a non-realty items addendum in which they agreed, "The seller is not responsible for and the buyer has agreed to pay any outstanding taxes, liens, and do the necessary repairs as they want."

On July 22, 2014, appellees delivered a general warranty deed conveying title to the property. The warranty deed stated, "The Grantor warrants that it is lawful owner and has full right to convey the property, and that the property is free from all claims, liabilities, or indebtedness, and that the Grantor and its successors will warrant and defend title to the Grantee against the lawful claims of all persons."

Appellant testified at trial that appellees failed to tell her the property had $19,269.77 in outstanding taxes, court costs, and city liens. They also failed to provide any tax statement regarding due taxes, as required per the contract, at the time of closing. Appellees testified they repeatedly told appellant outstanding taxes were owed on the property and encouraged her to conduct her own investigation. They claimed she knew about them "from day one." They argued it was "spelled out in the nonreality document that she is responsible for the taxes." However, appellant denied they told her about any delinquent taxes and denied calling the county tax office several weeks before closing and discovering the amount owed.

–2–

At the conclusion of trial, the court asked the parties to provide briefing on whether the warranty deed trumped the real estate contract. Appellant filed a brief in which she argued the merger doctrine applied; therefore, the language in the warranty deed controlled. Appellees did not respond.

The trial court ordered a take-nothing judgment on appellant's claims. In the findings of fact and conclusions of law, the court found that appellees "were aware that there were taxes due and owing on the property at the time they delivered the warranty deed to Coria and they disclosed the same to Plaintiff." The court concluded, "Defendants did not fail to disclose information to Nemoria Coria concerning goods or services which were known at the time of the transaction" and "did not breach the real estate contract and did not violate any provision of the DTPA." This appeal followed.

## Withdrawal of Deemed Admissions

In her fourth issue, appellant argues the trial court abused its discretion by sua sponte withdrawing appellees' deemed admissions. Appellees, who appeared pro se at trial, have not filed a response brief.

Texas Rule of Civil Procedure 198 provides that a written request that the other party admit the truth of any matter within the scope of discovery, including statements of opinion or application of law to facts, may be served on another party no later than thirty days before the end of the discovery period. TEX. R. CIV. P. 198.1. If a party fails to respond, the request is considered admitted without the necessity of a court order and is conclusively established as to the party making the admissions unless the court permits the party to withdraw or amend the admission. TEX. R. CIV. P. 198.2.

A trial court has broad discretion in permitting or denying the withdrawal of deemed admissions. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996); *Tommy Gio, Inc. v. Dunlop*,

–3–

348 S.W.3d 503, 508 (Tex. App.—Dallas 2011, pet. denied). An appellate court should set aside a trial court's ruling only if, after reviewing the entire record, it is clear that the trial court abused its discretion. *Tommy Gio, Inc.*, 348 S.W.3d at 509. A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably. *Id.*

A court may permit a party to withdraw deemed admissions upon a showing of good cause. TEX. R. CIV. P. 198.3(a). Good cause is established by showing the failure involved was an accident or mistake, not intentional, or the result of conscious indifference. *Tommy Gio, Inc.*, 348 S.W.3d at 509. In addition to finding good cause, the trial court may permit withdrawal of an admission only if the court finds that the party relying on the deemed admission will not be unduly prejudiced and the merits of the case may be presented to the court for review. TEX. R. CIV. P. 198.3(b). Undue prejudice is based on whether withdrawing an admission will delay trial or significantly impede the opposing party's ability to prepare for it. *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005).

Here, the deemed admissions were never mentioned by any party until the end of the bench trial. Appellant's counsel mentioned them for the first time in closing argument. After closing arguments, the court explained it would be required to accept the requested facts as true, but then asked appellees if they wanted to move to strike the admissions.

Gbolabo explained he did not receive the request for admissions "until recently" because appellant sent the request to his wrong business address. When he received the request, he had just returned from a trip abroad and had "a bunch of mail" and "a lot of other things that are happening to me."

Ogidan argued he wanted to withdraw the deemed admissions because he and Gbolabo explained everything to appellant about the property, and "[n]othing was hidden." He also explained he tried to reach Gbolabo several times because everything they were doing was on

–4–

behalf of their corporation, and he had not talked with Gbolabo "until a few days ago." The record indicates that although both appellees entered the contract as sellers, Gbolabo took the lead in the negotiations and tax discussions with appellant.[1]

Based on these facts, the record does not indicate either party acted with conscious indifference. *See, e.g.*, *Spiecker v. Petroff*, 971 S.W.2d 536, 539 (Tex. App.—Dallas 1997, no pet.) (the "ultimate goal of the rules of discovery is to seek the truth and therefore, the rules should not be construed to prevent litigants from presenting the truth to the trier of fact" or be used as a "trap for the unwary"). Moreover, there is no showing of undue prejudice. The issue did not even arise until the conclusion of trial; therefore, withdrawal of the deemed admissions did not delay the trial or significantly impede appellant's ability to prepare for it, as she fully presented her case to the bench. *See Wheeler*, 157 S.W.3d at 443. Under these circumstances, we conclude the trial court did not abuse its discretion by withdrawing the deemed admissions. *Speicker*, 971 S.W.2d at 539; *see also McComas v. Dallas Lite & Barricade, Inc.*, No. 05-97-00338-CV, 1999 WL 521690, at *3 (Tex. App.—Dallas July 23, 1999, no pet.) ("Under this Court's authority, even a slight excuse will suffice, especially when the opposing party will suffer no delay or prejudice."). We overrule appellant's fourth issue.

### Breach of General Warranty Deed and DTPA

In her first issue, appellant argues the trial court erred by entering a take-nothing judgment when the undisputed evidence established appellees breached the general warranty deed. Appellant's argument is based on application of the merger doctrine, which the trial court implicitly rejected by granting a take-nothing judgment and concluding appellees "did not breach the real estate contract."

---

[1] For example, Ogidan was only present when Gbolabo allegedly discussed the delinquent taxes with appellant. Appellant testified Ogidan was only present at their first meeting for a little bit, and she claimed he did not even show up the second time. Throughout the bench trial, Gbolabo handled almost all of the questioning with little participation from Ogidan.

We review de novo a trial court's conclusion of law. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). We are not bound by the trial court's legal conclusions, but the conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Slicker v. Slicker*, 464 S.W.3d 850, 857 (Tex. App.—Dallas 2015, no pet.). Moreover, conclusions of law may not be reversed unless they are erroneous as a matter of law. *Sheetz v. Slaughter*, 503 S.W.3d 495, 502 (Tex. App.—Dallas 2016, no pet.).

Although the trial court's conclusions of law do not reference the warranty deed or the merger doctrine, appellant presented the doctrine to the trial court and it is a legal theory we must consider. Accordingly, we begin our de novo review by considering whether the merger doctrine applies.

As a general rule, when a deed is delivered and accepted as performance of a contract to convey, the contract is merged in the deed. *Alvarado v. Bolton*, 749 S.W.2d 47, 48 (Tex. 1988). "Though the terms of deed may vary from those contained in the contract, still the deed must be looked to alone to determine the rights of the parties." *Id*. However, a contract for sale of land that creates rights collateral to, and independent of, the conveyance survives a deed that is silent in respect to the collateral or independent ground. *Lakeway Homes, Inc. v. White*, No. 05-15-01455-CV, 2016 WL 3453559, at *5 (Tex. App.—Dallas June 23, 2016, no pet.) (mem. op.); *Stanford Dev. Corp. v. Stanford Condominium Owners Ass'n*, 285 S.W.3d 45, 51 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting merger doctrine does not apply when "the deed does not merge other distinct and unperformed provisions of the contract"). For example, courts have concluded arbitration clauses and completion of construction or escrow agreements survive merger and are not extinguished because of subsequent deeds or other closing documents. *See Lakeway Homes, Inc.*, 2016 WL 3453559, at *5; *Stanford Dev. Corp.*, 285 S.W.3d at 51.

–6–

The clause at issue here, however, does not involve any of those recognized exceptions. Rather, both the real estate contract and the warranty deed include provisions regarding taxes, liabilities, and indebtedness. The non-realty items addendum attached to the real estate contract stated, "The seller is not responsible for and the buyer has agreed to pay any outstanding taxes, liens, and do the necessary repairs as they want." The warranty deed stated, "The Grantor warrants that it is lawful owner and has full right to convey the property, and that the property is free from all claims, liabilities, or indebtedness, and that the Grantor and its successors will warrant and defend title to the Grantee against the lawful claims of all persons." Here, the warranty deed is not silent as to a collateral or independent ground in the real estate contract. Rather, the general warranty deed speaks directly to appellees' promise that the property is free from all claims, liabilities, and indebtedness—a subject covered by the real estate contract. Thus, the merger doctrine applies, and the deed alone determines the rights of the parties. *Alvarado*, 749 S.W.2d at 48. By delivering property that was in fact not free from indebtedness, claims, and liabilities, appellees breached the warranty deed and caused appellant to suffer damages. *See, e.g.*, *Myers v. Hall Columbus Lender, LLC*, 437 S.W.3d 632, 635 (Tex. App.—Dallas 2014, no pet.) (party entitled to recover on contract claim when defendant breaches a material duty under the contract and plaintiff suffers damages). Accordingly, the trial court's conclusion of law is erroneous as a matter of law. *Sheetz*, 503 S.W.3d at 502. We sustain appellant's first issue.

Appellant argues in her second and third issues that the trial court erred by concluding appellees did not violate the DTPA and by not finding appellees failed to disclose information to her, which were known at the time of the transaction, and their failure to disclose was made with the intent for her to rely on the information to her detriment.

When the appellate record contains a complete reporter's record, we review the trial court's findings of fact under the same standards for legal and factual sufficiency that govern the review of jury findings. *Slicker*, 464 S.W.3d at 857. In evaluating a legal sufficiency challenge, we credit evidence that supports the finding if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id.* In a factual sufficiency review, we examine all the evidence in the record, both supporting and contrary to the trial court's finding, and reverse only if the finding is so against the great weight of the evidence as to be clearly wrong and unjust. *Slicker*, 464 S.W.3d at 858. In evaluating the trial court's findings of fact, we must give substantial deference to the trial court's determination of the weight and credibility of the evidence. *Id.* In a bench trial, the trial court is the sole judge of witness credibility. *Id.*

Here, the trial court found that appellees disclosed to appellant that taxes were due and owing on the property. The record shows appellees repeatedly told appellant they owed delinquent taxes on the property and encouraged her to make her own independent investigation into the amount. Although appellant testified to the contrary, the trial court, as the judge of witness credibility, was free to believe appellees, and this Court may not second guess its determination. *Slicker*, 464 S.W.3d at 858.

The trial court then concluded appellees did not fail to disclose information concerning goods or services which were known at the time of the transaction, and therefore, they did not violate any provisions of the DTPA. The record supports this conclusion. Accordingly,

appellees were entitled to a take-nothing judgment on appellant's DTPA claim.[2]  We overrule

appellant's second and third issues.

**Attorney's Fees**

Because appellant is entitled to judgment on her breach of contract claim, she may also

recover her attorney's fees.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (West 2015).

At trial, appellant's counsel presented testimony supporting his reasonable and necessary fees for

trying both her contract and DTPA claims.  However, appellant is not entitled to fees on her

DTPA claim.  We remand for the trial court to determine the amount of fees recoverable for

appellant's breach of contract claim.  *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299,

311-15 (Tex. 2006) (remanding for trial court to determine proper amount of attorney's fees);

*Prudential Ins. Co. v. Durante*, 443 S.W.3d 499, 515 (Tex. App.—El Paso 2014, pet. denied) (if

party is entitled to attorney's fees under section 38.001, then it follows she is also entitled to

attorney's fees on appeal).

**Conclusion**

We reverse the take-nothing judgment in favor of appellees on appellant's breach of

contract claim and render judgment that appellant recover $19,269.77 in damages.  We remand

to the trial court for a determination of recoverable attorney's fees in a manner consistent with

this opinion.  In all other respects, the judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

160313F.P05

---

[2] In reaching this conclusion, we are  mindful the merger doctrine does not apply to negate a DTPA claim when a contract is procured by fraud.  *Rich v. Olah*, 274 S.W.3d 878, 889 (Tex. App.—Dallas 2008, no pet.).  The record, however, does not support that the contracts were procured by fraud.  Appellant's arguments to the contrary are without merit.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

NEMORIA CORIA, Appellant

No. 05-16-00313-CV        V.

CHRISTOPHER JIDE OGIDAN AND
MOSES GBOLABO, Appellees

On Appeal from the 68th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-13113.
Opinion delivered by Justice Bridges.
Justices Evans and Schenck participating.

In accordance with this Court's opinion of this date, we **REVERSE** the take-nothing judgment in favor of appellees CHRISTOPHER JIDE OGIDAN AND MOSES GBOLABO on appellant NEMORIA CORIA's breach of contract claim and **RENDER** judgment that NEMORIA CORIA recover $19,269.77 in damages. We **REMAND** to the trial court for a determination of recoverable attorney's fees in a manner consistent with this opinion. In all other respects, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered February 28, 2017.

–10–